**Buchanan Ingersoll ⅍ Rooney PC**
Attorneys & Government Relations Professionals

One Chase Manhattan Plaza, 35th Floor
New York, NY 10005-1417
T 212 440 4400
F 212 440 4401
www.buchananingersoll.com

**Stuart P. Slotnick**
212 440 4435
slotnicksp@bipc.com

October 23, 2007

**BY ECF & UPS OVERNIGHT MAIL**
The Honorable John G. Koeltl
United States District Court
Southern District of New York
500 Pearl Street, Rm. 1030
New York, NY 10007

      Re:   *Gilbert Lau v. U.S. Search.com, Inc.*,
            Civil Action No.: 07 Civ. 3082

Dear Judge Koeltl:

      We have been retained to represent defendant US Search.com Inc., in the above-referenced matter. We write to respectfully request this Court extend the time in which defendant must answer or otherwise move to dismiss the complaint of *pro se* plaintiff Gilbert Lau. US Search's date to respond to *pro se* plaintiff's complaint is October 24, 2007.[1]

      US Search provides individuals and businesses with, among other things, contact information of people resulting from a database search. *Pro se* plaintiff alleges that he paid defendant US Search $64.95 to provide contact information about his "special friend," and subsequently received outdated contact information. After receiving this contact information, *pro se* plaintiff alleges that he became suicidal, and lost income due to his depression and ensuing problems. *Pro se* plaintiff asserts a single cause of action for negligent infliction of emotional distress. *Pro se* plaintiff's sole allegations of US Search's wrongdoing is that "[t]here was no due diligence of the part of the defendant find Ms. Fernandez [sic]. Plaintiff considered suicidal because of the defendant's lack of diligence [sic]."

      *Pro se* plaintiff's complaint is devoid of any merit. It does not and cannot make out a legally cognizable claim. The Second Circuit Court of Appeals has held that a "plaintiff has

---

[1]    *Pro se* plaintiff has failed to effectuate timely service in this matter. Pursuant to this Court's September 12, 2007 Order, *pro se* plaintiff's deadline to serve US Search with the complaint was October 2, 2007. US Search was served on October 4, 2007. Prior to the September 12, 2007 extension of time to serve US Search, on May 3, 2007, *pro se* plaintiff requested an extension to serve US Search with the Complaint that was originally filed on April 17, 2007. At that time, this Court granted an extension until September 17, 2007.

The Honorable John G. Koeltl
October 23, 2007
Page 2 of 2

a cause of action for negligent infliction of emotional distress if she suffers an emotional injury from defendant's breach of a duty which unreasonably endangered her own physical safety." *Mortise v. U.S.*, 102 F.3d 693, 696 (2d Cir. 1996). And the New York Appellate Division, First Department, has held that to support a claim this conduct must be "so outrageous and extreme as to exceed all bounds of decency." *Mollerson v. City of New York*, 8 A.D.3d 70, 71, 778 N.Y.S.2d 475, 477 (1 Dep't 2004); *accord Dillon v. City of New York*, 261 A.D.2d 34, 41, 704, N.Y.S.2d, 7 (1st Dep't 1999); *Compoverde v. Sony Pictures*, 2002 WL 31163804 (SDNY 2002). In the instant case, *pro se* plaintiff does not and cannot allege that US Search acted in an extreme and outrageous manner for providing allegedly outdated contact information. Under any reading of the complaint, US Search cannot be held to have unreasonably endangered *pro se* plaintiff's physical safety.

     Although US Search reserves the right to move to dismiss the instant complaint and seek Rule 11 sanctions against *pro se* plaintiff for the instant frivolous litigation, we would request a pre-motion conference to seek a resolution prior to incurring such an expense.[2] In the event that your Honor does not wish to schedule a conference of the parties, we would request a two week adjournment to answer or otherwise move. We have not previously asked for an extension of time to answer or otherwise move and have not had any communication with *pro se* plaintiff.

     We thank the Court for its attention to this matter.

Respectfully Submitted,

Stuart Slotnick

cc:    Gilbert Lau, *pro se* plaintiff (Via Hand Delivery)
        150 E. 37th St., Apt. 5G
        New York, NY 10016
        (212) 679-3982

---

[2] We also wish to advise this Court that Mr. Lau is a serial *pro se* plaintiff. He has filed six separate *pro se* actions in the Southern District of New York in the past several years, all of which were dismissed.